## HERNDON v. GOFF et al.

FORCIBLE ENTRY AND DETAINER.—Under *Section* 497 of the Code of Practice on traverse of the verdict of a jury, on appeal to the Circuit Court—*Held*, That the jury in their verdict could not pass upon the question of misjoinder of parties or upon the constitutionality of the law.

### APPEAL FROM ARKANSAS CIRCUIT COURT.

Hon. HENRY B. MORSE, *Circuit Judge.*

*A. H. Garland*, for Appellant.
*Pindalls*, for Appellees.

GREGG, J.—This is a suit of forcible entry and detainer, brought, by the appellees against the appellant, before a jus-

tice of the peace under *Section* 497 of the Civil Code of Practice.

The appellants plead the general issue, a trial was had before a jury, a verdict and judgment rendered in favor of the appellees.

The finding was traversed, and an appeal taken to the Circuit Court, wherein another jury trial was had with like result. The appellant then moved for a new trial, which motion was overruled; he filed his bill of exceptions and appealed to this court.

Two grounds were assigned for a new trial:

*First.* That the jury found for the plaintiffs contrary to the law and the evidence.

*Second.* That the court erred in refusing instructions asked for by the defendant.

The evidence was sufficient to sustain the verdict.

The first instruction asked by the defendant was: "If the jury believe from the evidence that there are improper parties to this suit they will find for the defendant."

His fourth instruction was, that "An action of forcible entry and detainer can in no sense of the word be matter of contract, and any law giving magistrates jurisdiction of said action, is unconstitutional and void, and if the jury find from the evidence that this suit was brought before a justice of the peace, they will find for the defendant."

His sixth instruction was, that "The proof must correspond with the allegations made in the complaint, and if the jury believe from the evidence that the relationship of landlord and tenant does not exist between the plaintiffs or any one of said plaintiffs and the defendant, they will find for the defendant."

All other instructions asked for by defendant were given, and we are of opinion that the court did not err in refusing the three above quoted.

Whether or not the parties to the suit were misjoined, was not a fact to be found by the jury upon the issue before them.

And if there was some improper party plaintiff, as the appellant seemed to urge by his sixth instruction, it should have been determined at a different time and in a different manner, and not by a response from the jury upon the traverse before them.

If the appellant had desired to test the constitutionality of the law, he should have plead to the jurisdiction of the court or moved in arrest of its judgment.

These being the only grounds assigned for a new trial, the court did not err in overruling the motion.